*O R (gin a?)*

AO 241   (Rev. 5/85)

**FILED**

**NOV 2 1 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District   OF   COLUMBIA | |
|---|---|---|
| Name   RUCHELL CINQUE MAGEE | Prisoner No.   A92051 | Case No.   Case: 1:07-cv-02176 |
| Place of Confinement   CORCORAN CALIFORNIA | | Assigned To : Huvelle, Ellen S. Assign. Date : 11/21/2007 Description: Habeas Corpus/2255 |

| Name of Petitioner (include name under which convicted) | | Name of Respondent (authorized person having custody of petitioner) |
|---|---|---|
| RUCHELL CINQUE MAGEE | V. | ORRIN HATCH, U.S.Senator, et.al. |

The Attorney General of the State of:   California

## PETITION

1. Name and location of court which entered the judgment of conviction under attack   Santa Clara
County, California   (Superior Court)

2. Date of judgment of conviction   January 23, 1975

3. Length of sentence   life

4. Nature of offense involved (all counts)   KIDNAP TO ROB ( Violation Penal Code 209
211 ).

5. What was your plea?  (Check one)            "   Jury conviction on Prosecution's
   (a) Not guilty          ☒              self -made Guilty plea      "
   (b) Guilty              ☐        " Hidden case of Racist Slavery."
   (c) Nolo contendere     ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   My not guilty plea to kidnap to rob- was gag ruled by racists
   entered guilty plea - dangled in jury's face like a lnch rope

6. If you pleaded not guilty, what kind of trial did you have?  (Check one)
   (a) Jury          ☒
   (b) Judge only    ☐

7. Did you testify at the trial?                First trial May 27, 1963, I testified
   Yes ☒  No ☒              in my own defense- but guilty went to
                                               jury. 1965, guilty plea blocked
8. Did you appeal from the judgment of conviction?   testifying.
   Yes ☒  No ☒   Filed timely Notice Of Appeal,

*1*

AO 241   (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court ___California Second Appellate Court___

(b) Result ___Dismissed  by Demand___

(c) Date of result and citation, if known ___People vs- Ruchell Magee-Dec.1965___

(d) Grounds raised ___N/A___
___Appeal dismissed because state failed/refused records___

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court ___N/A___

(2) Result _____

_____

(3) Date of result and citation, if known _____

(4) Grounds raised _____

_____

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court ___N/A___

(2) Result _____

_____

(3) Date of result and citation, if known _____

(4) Grounds raised _____

_____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒   No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court ___Supreme Court Of California___

(2) Nature of proceeding ___Writ of Habeas Corpus___

_____

(3) Grounds raised ___DOUBLE JEOPARDY PROSECUTION  -1)___
___Denied Counsel -2)  Illegally Muzzled-3)  Denied trial records___

on Appeal - 4)    Denied right to Dismiss Court Appointed
lawyer- 5)    Denied right to Testify and produce witnesses-6)
Prosecution Jury Tampering by use of deliberately false evidence.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐    No ☒

(5) Result    Denied - Trial records kept under gag -rule

(6) Date of result   1965 on going November 9, 2007

(b) As to any second petition, application or motion give the same information:

   (1) Name of court U.S. District Court, Central District California

   (2) Name of proceeding   Writ of Habeas Corpus

   (3) Grounds raised    Same in paragraph 11 herein

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
      Yes ☐    No ☒

   (5) Result

   (6) Date of result

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
   (1) First petition, etc.    Yes ☒    No ☐
   (2) Second petition, etc.   Yes ☒    No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

   N/A

12.  State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
     CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

( Continue Paragragh 10 ):


Appeal to
U.S. Court of Appeals, 9th Circuit
         ---------

Issues  Raised:    The District Court Abused its Discretion
placing evidence of hate crime frameups under gag rule, without
review of the full trial court records, and made decisions
in conflict with all supreme Court decisions governing right to
be heard - right to trial court records for Appellate review,
and access to court.

Result:     The Appeals court, 9th Circuit, issued its personal
gag rule ( PLACING EVIDENCE OF HATE CRIME FRAMEUPS UNDER JUDGE
GAG RULES NO JUDGE IN CALIFORNIA CAN RULE AGAINST.
             Gag rule Docment number  92-80382 (In re RUCHELL
Cinque Magee )        ( Cointelpro operation since November 1992,
  on going Evidence suppressing, November 11, 2007.


         Ex -President Bill Clinton made a mess
signing the racist document styled Anti-Terrorist Act,
legalizing judges denying access to court.    Evidence of
hate crimes and the Anti-terrorist Act of 1996 has become life
imprisonment, without possibility of parole, in hate crime
frameups in need of investigating by sane authority, if any, in
government.

         All appeals attempted to the Supreme Court has
been frustrated, obstructed by Organized crime connecting with
California judges and Washington DC  Politicians practicing
slavery -  under color of justice.

         Habeas Corpus submitted with The District Court,
Central District Of California, May 4, 2007, remains under
the Orrin Hatch - Bob Dole - Newt Ginrick - Bill Clinton
Anti-Terrorist Act - gag rule cited by judge Audrey B. Collins
August  1999  through November 11, 2007.

         Habeas appeal to the 9th Circuit Court August 2007
remain under gag rule- all trial court records included.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: ___CALIFORNIA SUPREME COURT'S DENIAL OF HABEAS PETITION___

___DOES NOT ADDRESS PROSECUTION SUPPRESSING TRIAL COURT RECORDS___

Supporting FACTS (state *briefly* without citing cases or law): February 21, 2007, The
California Supreme Court denied habeas Corpus, without allowing

the State Attorney to confirm all facts of conviction as result of

1) DEnial Of Counsel- 2) ILLEGAL Chaining/Muzzling- 3) Double

Jeopardy Prosecution-4)Prosecution Jury Tampering by use of

deliberately use of false evidence to trick jurors to convict-

Suppression of trial Court Records on Appeal.

B. Ground two: ___THE U.S. DISTRICT COURT, CENTRAL DISTRICT OF___
___CALIFORNIA PLACED MERITORIOUS HABEAS UNDER GAG –RULE WITHOUT HEARING___

Supporting FACTS (state *briefly* without citing cases or law): May 4, 2007, and prior to, the
federal District Court, Central District of California, denied the

petitioner right to be heard **by** disallowing the filing of habeas

Corpus Claiming the 9th Circuit Appeals Court's Decision of 1972

( Magee vs- Nelson) 455 F. 2d 275 (9th Cir.1972) bar all Magee's

filing of legal documents.       Further, the U.S. Senator Hatch's

Anti-Terrorist Act remain life sentence, and Magee have no rights .

AO 241    (Rev. 5/85)

C. Ground three: ___The U.S. COURT OF APPEALS, 9th CIRCUIT___

___ABUSED ITS DISCRETION DENYING ACCESS TO COURT BASED GAG RULE___

Supporting FACTS (state *briefly* without citing cases or law): November 16, 1992, or about,

the U.S. Court of Appeals, 9th Circuit, invented a gag rule

which it have been using to label all evidence of hate crimes

(malicious prosecution's) frivolous, without review of the

full trial court records.

The Habeas Corpus facts are not refuted by the state.

D. Ground four: ___9th Circuit Appeals Court -have block on the Supreme___
Court hearing the case- or reviewing records

Supporting FACTS (state *briefly* without citing cases or law): The Federal District Court,

and 9th Circuit Court of Appeals, in combination, deny access to

court, obstricting the right to be heard against white racists

who carried out a hate crime (lynch) trial to convict on

knowingly -deliberately and malicious false misrepresentation

and false evidence stagged by the District Attorney -trial

judge - the Police and Court appointed lawyers.

All appeals attempted to the Supreme Court has been 4-decades blocked

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state
*briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☒  No ☒    Everything under fools gag rule,

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked
herein:
(a) At preliminary hearing  Court appointed _____

_____

(b) At arraignment and plea _____ Court appointed _____

_____

AO 241    (Rev. 5/85)

(c)  At trial    Court   appointed

(d)  At sentencing    Court   appointed

(e)  On appeal    N/A

(f)  In any post-conviction proceeding    N/A

(g)  On appeal from any adverse ruling in a post-conviction proceeding    N/A

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes  ☒    No  ☐

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes  ☒    No  ☐
(a)  If so, give name and location of court which imposed sentence to be served in the future: _____
Orrin Hatch secrete Sentence- issued without charge

(b)  Give date and length of the above sentence:  1996 Klans document signed by
President Clinton - lying about it help's the public

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes  ☒    No  ☐    Have lawsuit going asking injunction In This Court.

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

November    11, 2007
_____
Date

_____
Signature of Petitioner

BACK GROUND OF CASE
------------------

1

2      March 23, 1963, the petitioner was arrested by the

3   police in Los Angeles County.

4      Petitioner testified that he was questioned

5   after handcuffed, and recieved a malicious physical beating

6   from hands of the arresting officers, because he failed

7   to answer questions regarding robbery of Mr. Brown.

8   One officer referred to petitioner as being a nigger, never

9   getting out of jail...

10     April 16, 1963, during arraignment and plea, the

11  petitioner and Co- defendant Leroy Stewart appeared before

12  the Superior court of Los Angeles and pleaded NOT guilty

13  to the charge of kidnap ( PC 209) and Robbery ( 211).

14     May 26, 1963, trial commenced in the Superior

15  Court of Los Angeles County where jury of all white

16  ( Mostly old womens )  was selected by the prosecution.

17     May 24, 1963, the prosecutor's chief witness

18  Brown testified  that the petitioner and Stewart

19  approached him at the club tropicano in Los Angeles,

20  and gave him some money for a ride home.

21     Because it was less then $2. that he (Brown)

22  refused the ride.

23     That Magee pointed a gun at him, and taking

24  over his car and driven to a short distance where

25  Stewart took $10 from his wallet.   That he (Brown) jumped

26  from the car, and called the police.

27     May 27, 1963, the petitioner testified

28                    6/a

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769

that he did not rob, nor kidnap Brown.    That, he and

Brown had a fight.(fist fight), over a young lady

Barbara at the club where Brown pointed a gun at the

petitioner approximately two weeks prior to the

arrest.

That Brown, on March 23, 1963 - Stewart

and Barbara was in Brown's car when the fit slinging

started.  Brown jumped from the car, and called the

ploce to aviod coming to get his car in the area he

knew the petitioner were.

May 27, 1963, the investigating officer

of the sheriff station confirmed the petitioner's

testimony of there being a hole in Brown's car

tire ( front wheel, which proved the petitioner

was in the car prior to the fighting.    The tire

had been shot out with gun the petitioner had used.

Brown disowning the gun he pointed at the

petitioner.    Brown denied pointing gun at the petitioner

two weeks  before the petitioner was arrested.

Brown gave the lady in the car three (3)

different identities ( names), Linda, Barbara and Lydia,

and denied knowing the lady he was taking home at  time

Magee and Stewart took over his car at the club.

May 27, 1963, two witnesses Bobby BBurris and

David Lerr testified  that Brown did point a gun at

the petitioner in the club tropicano approximately two

weeks before the arrest...

6/b

1  May 28, 1963, just before closing argument, the

2  public defender ( J. Stanley Brill ), not petitioner's

3  counsel, entered a guilty plea to the charge of kidnap

4  to rob in the petitioner's behalf, over the  petitioner's

5  expressed objection.

6      The trial court instructed the jury to disregard

7  the petitioner's outbursts, that his lawyer were handling

8  the case.

9      Court appointed counsel Leon Mayer failed to

10  object to the false plea .

11      May 28, 1963, during closing or final argument,

12  the District Attorney ( Marshall Schulman )  made

13  prejudicial remarks to the jurors: " Find defendants

14  guilty on the guilty plea.  Mr. Brown's testimony cannot

15  be used."

16      The all white and misinformed jurors

17  ( apparently to ignorant to remember evidence of Innocence

18  presented), found the petitioner and Stewart guilty as

19  charged  on the belief that the officers of the court's

20  false plea were the petitioner's admission of guilt...

21  ( The Courts on June 25, 1963, issued a life sentence ).

22      Petitioner filed timely appeal.

23      In September 1963, the prosecution issued

24  in correct and incomplete transcripts on appeal.

25      On several occassions, the petitioner

26  made written requests for a correct and full record on

27  appeal to show prosecution use of false guilty plea,

28

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769

1   tricking jurors to convict within out sufficient evidence.

2   The appeals court, second appellate, and the

3   Superior Court ignored the petitioner's requests.

4   The Appeals court appointed lawyer ( Frank P. Rosen)

5   who used an incomplete and correct transcript to file

6   brief on the issue of Cosolidation of Magee's case with

7   Stewart's case.    Nothing was mention of the false guilty

8   plea ( false misrepresentation ) that convicted the

9   petitioner, without sufficient evidence.

10  December 18, 1964, the Appeals court ordered

11  a reversal of the Judgment of the  Superior Court based

12  on Cosolidation.

13  April 6, 1965, during second trial (pre - trial)

14  the court informed the petitioner that he were back for

15  a second trial for the same offense.

16  Petitioner asked the court who requested the

17  second trial.

18  The court responded, " take him out of here."

19  Three (3) sherriff deputies attacked assaulted,

20  beating and injuried the petitioner,  without justification.

21  One officer referred to the petitioner as a

22  nigger never getting out of prison, and never getting

23  heard by a judge .

24  May 18, 1965, petitioner was taking in the

25  Superior Court with a court appointed lawyer who he

26  had never met and never talk to, which lawyer entered

27  a plea of not guilty by reason of insanity, to the

28

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769

kidnap to rob counts.    Petitioner objected, stating that his only plea were a previous judgment of conviction or acquittal.    Before the petitioner could complete his once jeopardy plea, the court ordered him removed from the court, and ordered that the petitioner be examined by state appointed psychologists.

The psychologists failed/refused to come to court, stating they wanted no part of the  lawyer's joke.

Petitioner filed motion for dismissal of counsel Clay H. Jacke, showing conflict of interest where counsel entere false insanity plea to degrade, and label, and convict the petitioner- because that type of plea were the same as guilty plea .

July 7, 1965, the SUperior Court denied the petitioner's motion, without a Marsden - Hearing. The Court commented about counsel being a find lawyer he ( the judge) knew...

July 26, 1965, jury trial commenced.

During open statement, the District Attorney Demark told the jury that the petitioner (defendant Magee) were before the court pleading insane at time of the crime, and that he would prove Magee guilty as charged, and using insane defense ...

At that time, the petitioner objected, stating that his only plea were a previous judgment of conviction or acquittal.    That he objected to that plea already.

6/e

The trial court ordered the bailiffs to chain and muzzle the petitioner in presence of the jury.

Petitioner refused to testify with exception that the record were incomplete and incorrect.  The Insanity plea demonized the petitioner in ways that evidence of innocence could do no more at the second trial, then evidence of innocence did at the first trial.

Counsel failed to investigate.  Counsel failed to assist the petitioner in his attempt to plea once jeopardy.

The record of the first trial show Insufficient evidence to support the charge of kidnap to rob.

Jeopardy attached, because had the full record been disclosed on appeal, the court would have reversed the judgment on insufficient evidence without a new trial.

The insanity plea played the main role in the jurors convicting the petitioner.

Deceptive Plea:1/ The plea resulted into the petitioner being chained in presence of the jury.  2/  The plea was instructed upon the jury to convict the petitioner  .

3/   While the jury were deliberating on the belief that the insanity plea was the petitioner's admission of guilt, the court did a record show, saying:  The insanity plea were false misrepresentation on part of counsel for defendant, and if the jury convict defendant, he will get a new trial.

4/   The court did admit that counsel were incompetent, and reduced the trial to a joke with the false insanity plea made without foundation.  The jury convicted the petitioner.

Life sentence issued August 23, 1965..

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769

1    Petitioner filed timely Notice of Appeal.

2    December 1965, the court issued an incomplete and incorrect

3    transcript.

4    Petitioner made written request for correcting of the

5    record.    From there, the petitioner abandon the appeal,

6    and went on the Journey of Habeas corpus in request for

7    review of the full records that would prove claims of

8    ineffective assistance of counsel.    The record issued

9    did not show Marsden - Hearing upon the court denying

10    the petitioner's motion for dismissal of counsel July 7, 1965.

11    The record issued on appeal did not show May 18, 1965

12    counsel entering the insanity plea, and did not show the

13    correct proceeding upon the court ordering the insanity

14    withdrawn,  and the correct proceeding of the court

15    ordering the petitioner muzzled in presence of the jury for

16    objecting to the insanity plea going to the jury.  The

17    record issued did not show the court's instructing of the

18    jury on the insanity plea when telling the jury the

19    legality of the plea.

20    The California Supreme Court's  decisions denying

21    habeas corpus conflict with the .U. S. Supreme Court's

22    decisions and 9th Circuit and other Circuit Courts

23    decisions governing right to a full transcript for review.

24    Every decision by the state, September 1965, and continuing

25    through 2007,  failed to order disclosure of the full

26    trial record.

27    November 5, 1971, the Superior Court of Marin County

28    ordered the Clerk of Los Angeles to provide a full and complete

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769

1  transcript of the trial ( #272227 ) and the appeals

2  court transcript Number 9376 and 11545." ( EXHIBIT-1,

3  attached hereto.

4     December 27, 1971, the same superior court

5  ordered  disclosure of all records, because the

6  Court reporter failed to disclose the records.

7  ( EXHIBIT-2, attached hereto .)

8     The records (documents) disclosed for $15 -hundred

9  dollars paid by the petitioner's defense was incomplete,

10  and incorrect .

11     March 20, 1972, the Superior Court of Marin County

12  denied habeas corpus without prejudice, because it

13  could not use the incorrect records, stating that it

14  would go back to the habeas corpus issue, after

15  pre - trial issues regarding petitioner's right to act

16  as his own lawyer in case Number 3744 (people vs Magee. )

17     June 2, 1972, or about, the judge L. M. Ginsberg

18  presiding was Moved from the case by COINTELPRO-

19  blocking disclosure of the trial records.

20     Judge Ginsberg discovered that the records

21  presented out of Los Angeles said to be trial records

22  ( 272227 ), had grown larger, and different records

23  then those presented to the federal courts in habeas

24  corpus ( Magee vs- Nelson, 455 F. 2d 275 (9th Cir. 1972).)

25     The issues in state court raised was:

26  1. Denial of Effective Assistance of Counsel;

27  2. Illegal chaining, and muzzling;

   3. Prosecution misconduct;  and 4. Double Jeopardy.

28     At that time, the petitioner had been 7 years

1   filing legal documents with the stae and federal courts.

2       AUGUST 7, 1970   REBELLION

3       Judge Ginsberg was assigned by the California

4   Judiciary Counsel as trial judge on the Marin County

5   indictment of November 10, 1970, charging the petitioner

6   with kidnap - murder and conspiracy, while a prisoner

7   legally convicted of kidnap to rob.

8       Petitioner's defense was then, as now, he

9   rebelled against slavery (false imprisonment), as

10  result of frameups by the Los Angeles Police, judge

11  and lawyers (secrete operation) who committed jury

12  tampering by use of knowingly and deliberately false

13  misrepresentation, and lied to the jury about their

14  guilty plea were Magee's admission of guilt to the

15  crime of kidnap to rob Mr. Brown.

16      Habeas corpus reversal of the Los Angeles

17  conviction would prove the petitioner is victim of

18  COINTELPRO hate - crime frameups.

19      Twelves jurors in San Francisco County

20  who studied the evidence of the frameups/ coverup

21  acquitted the petitioner, during deliberations

22  which commenced March 26, 1973, through April 3, 1973.

23      The murder and conspiracy charges was

24  dismissed.

25      COINTELPRO concealed the acquittal on the

26  kidnap ( PC 209) by use of deception - repeatedly

27  publishing false statements about Magee legally

28

6/i

1    convicted in Los Angeles 1965 for kidnap to rob, and

2    Magee would pose a threat to public if released from

3    prison.

4        COINTELPRO, who suppresses the trial court

5    records have its own lynch - law court set up in

6    the name of Board of prison Terms, which does

7    resentencing every two years since January 1981

8    through  September 2, 2005, using the same

9    frameups, as evidence against the petitioner.

10        The false guilty plea open the door for

11   false imprisonment.

12        Suppressing the trial court records, prevents

13   review of evidence of hate crime frameups.

14        Habeas corpus hearing on the Los Angeles

15   frameups will also open records in the pending habeas

16   corpus showing jury acquittal concealed by secrete

17   operation  ( In re RUCHELL CINQUE MAGEE, NO. C-07-0091 TEH,

18   habeas Petition, N-Distr. Calif. pending)

19        WHOLE Record is necessary to address due process

20   issue. ( Ruff vs- Kincholoe (9th Cir. 1980 ) 843 F. 2d

21   1240; also Vicks vs- Burnell (9th Cir. 1989) 875 F. 2d

22   258.))

23        Access to record ( Rinaldi vs- Yeager (1966) 334 U.S.

24   305, 310.  Including records on Appeal. (Griffin vs-

26   Illinois ( 1963) 351 U.S. 12. 19. ).)

27        State must produce records.(28 USC § 2254(e);

28   Especially where the petitioner cannot.Austad vs-

1  Risley ( 9th Cir. 1985) 761 F. 2d 1348, 1353.

2  The District Court and federal Appeals court in

3  California act as if they have been mind drugged by

4  malicious prosecution, to mentally unfit to do sane

5  review of the state court records to determine if the

6  state Court has met the Towsend criteria.  ( See Reiger vs-

7  Christensen  (th Cir. 1986) 789 F. 2d 1425, 1429;

8  Richmond vs- Rickett (9th Cir. 1985)  774 F. 2d 961;

9  See Also Towsend vs- Sain (1963) 372 U.S. 293, 319.

10  Application For Clearance is attached, in the

11  present case, challenging judges abuse.

12  Magnitude of the State Suppressing trial records

13  has come to a Policy with strange effect upon judges

14  faced with evidence of Prosecution misconduct.  Instead

15  of r'ling against organized crime in our courts, the

16  California judges rules in favor of slavery  brought

17  upon innocent people, as  if the judges are all scared

18  to rule against racists  with a bage  dangling false

19  and fraudulently documents in the faces of victims

20  filing legal documents asking for justice.   (See

21  Petitioner's Application for Clearance. )

22

23  The Court is requested to have the clerk cleck

24  with all parties named on proof of service to see if they

25  receive their copy of this petition.

26

27

28

6/k

SUPERIOR COURT OF CALIFORNIA, MARIN COUNTY

DATE: __NOVEMBER 5, 1971__    COURT MET AT ___-___    DEPARTMENT NO. **Extra** Session

PRESENT: HON. ___LEONARD M. GINSBURG___    JUDGE ___M. CARD___, DEPUTY CLERK

___NO___    REPORTER ___NO___, BAILIFF

| TITLE: | COUNSEL: | |
|---|---|---|
| RUCHELL MAGEE<br>     Petitioner<br><br>vs.<br><br>LOUIS S. NELSON, et al,<br>     Respondent. | No appearances | **FILED**<br><br>NOV 5 - 1971<br><br>GEO. H. GNOSS<br>COUNTY CLERK<br>BY _____<br>(UNDERLINE COUNSEL PRESENT) **DEPUTY** |

NATURE OF PROCEEDINGS:                                        ACTION NO.  60557

### MINUTE ORDER

The following named persons are ordered to deliver by mail to the Clerk of Marin County the documents indicated:

1) The Clerk of the Superior Court, County of Los Angeles, the file in Los Angeles Superior Court Case 272227;

2) The Clerk of the District Court of Appeal, 2nd Appellate District, Los Angeles, California, the files in appellate actions numbered 9376 and 11545;

3) The Custodian of Records, Los Angeles General Hospital, all records, reports and x-rays pertaining to the examination and treatment of RUCHELL MAGEE at said facility from March 23, 1963 through March 31, 1963; and

4) The Custodian of Records, Los Angeles Police Department, all reports relating to the arrest of RUCHELL MAGEE on March 23, 1963 near 68th and Central, Los Angeles, California.

07 2176

**FILED**

NOV 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

cc: Judge Ginsburg
    Ruchell Magee
    Robert Carrow
    Ernest Graves
    Attorney General

Exhibit

BOOK __68__                    **MINUTES**                    PAGE __370__

This minute order was duly entered in R/A and a copy placed in the file.
Attest: Geo. H. Gnoss
County Clerk and Clerk of the Superior Court of the State of California, in and for the County of Marin

JOHN F. MUSSER, JR., ASST. COUNTY CLERK

PETER C. MEYER, ELECTIONS OFFICER

December 27, 1971

Mrs. Vesta Minnick
1927 W. 26th Street
San Pedro, Ca. 90732

Re:  People vs Ruchell Magee

Dear Mrs. Minnick:

This is in reply to your letter of December 6, 1971.

After consulting with Judge Arnason, and Judge Leonard
M. Ginsburg who now is assigned to this case, we would
suggest that you prepare the transcript as requested by
Mr. Magee's representatives and certify it as requested.

However, we do believe that you are entitled to have the
cost in hand before doing so.  Therefore, if Mr. Magee's
representatives are unable or unwilling to provide a
certified or cashier's check, we would suggest that you
accept their personal check, deposit it for collection,
and prepare the transcript only after collection has been
accomplished.

With respect to the request that one of Mr. Magee's rep-
resentatives be present while the transcript is being pre-
pared, we have been given to understand that this is NOT
Mr. Magee's desire, and we feel that you are not required
to make the transcription under those conditions.

Please inform us at your very earliest convenience whether
or not you are willing to proceed with the transcription
under the above conditions.

Very truly yours,

GEO. H. GNOSS

JOHN F. MUSSER, JR.

JFM/gr
cc:  Hon. Leonard M. Ginsburg
     Hon. Richard E. Arnason
     Mr. Ruchell Magee
     Mr. Ernest Graves, Esq.
     Mr. Howard Moore, Esq.
     Miss Charlotte Clinton

07 2176

**FILED**

NOV 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Exhibit T-2

Exhibit T-2

PROOF OF SERVICE BY MAIL

I, RUCHELL CINQUE MAGEE _____ declare:

I served the attached ----WRIT OF HABEAS CORPUS _____

on the parties herein by placing true and correct copies

thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit

box so provided at the above – named correctional

institution in which I am presently confined.  The envelope

was addressed as follows:

Jerry Brown
California Attorney General
455 Golden Gate Avenue
San Francisco, CA  94102

U.S. Attorney General
U.S. Dept. Of Correct
Washington, DC  20001

Orrin Hatch, Senator
Senate Building
Washington, DC

Solicitor General
U.S. Dept. Of Justice
Wasington,  DC      20510

    Copy To:  Tina Jones
        Jena 6 Defense Committee, P.O. Box 2798, Jena, La. 71342

I certify under penalty of perjury the foregoing is true

and correct.

Dated: November 12, 2007

                                    _Ruchell Cinque Magee_
                                    RUCHELL CINQUE MAGEE

1  Ruchell Cinque Magee
   3A2 - 131 #A92051
2  Box 3461, CSP
3  Corcoran, California 93212

4

5

6

7

8              U.S. DISTRICT  COURT FOR THE

9              DISTRICT   OF   COLUMBIA

10  RUCHELL CINQUE MAGEEE,              )      NO. _____
                                       )
11       Petitioner                    )
                                       )
12  vs-                                )
                                       )
13  Orrin Hatch, U.S. Senator,         )
    642 Hart Senate Office Bldg.       )  APPLICATION FOR CLEARANCE
14  Washington, DC 20510-7250          )  ------------------------
                                       )  On Writ Of Habeas Corpus
15       A.K. Scribners, Warden,       )  denied filing in all
16  Corcoran Prison California.        )   Federal District and
17  et. , al.,                         )   Appeal Courts in
                                       )   California
18          RESPONDENTS                            07 2176
    -------------------------
19
20  TO:  RESPECTABLE JUDGE PRESIDING.          **FILED**
21                                             NOV 2 1 2007
22  1.  JURISDICTION                    NANCY MAYER WHITTINGTON, CLERK
    ------------                            U.S. DISTRICT COURT
23       Jurisdiction of this court is invoked pursuant to
24  28 U.S.C. § 1651.  and First Amendment, U.S. Constitution.

25  2.  QUESTION PRESENTED
        -----------------
26  MAY CONGRESS   OR THE PRESIDENT INVENT A POLICY
27  SAID TO BE INTENDED TO PROTECT THE COURTS FROM
28

                            1

DEATH RAW INMATES FILING FRIVOLOUS DOCUMENTS IN THE
COURTS, YET THE DOCUMENT OR POLICY IS USED BY CORRUPTED
TO DENY THE PETITIONER AND PERSONS SIMILAR SITUATED
ACCESS TO COURT, On-going Since 1963, through November
2007 ?


3.    STATEMENT OF THE CASE
      ------------------

In  March of 1995, respondent Hatch - joined by Senators
Bob Dole and Newt Ginrich  (in Washington DC ) introduced
a Bill styled the Anti- Terrorist Act  (suspending writ
of Habeas Corpus procedural and First Amendment U.S.
Constitutional rights ( access to Court ))

In march Of 1996, the Bill was signed by  president
Clinton, claiming it to be intended  for preventing
prisoners from abusing the process of court by filing
Frivolous documents.

On - going since 1996, through November 2007, the
white racists who manipulates the court system -practincing
slavery under color of justice, have been  suppressing
trial court recorrds (evidence of hate crime frameups)
and going through corrupted judges to deny the victims
the right ot be heard - reciting the anti-terrorist act
as Law that overthrow all Federal Constitutional laws.

On May 4, 2007, the petitioner submitted writ
of Habeas Corpus  with the U.S. District Court, Central
District Of California, challenging the Los Angeles County
( 1965) conviction of Kidnap to rob    ( Penal Code 209
and 211 ). Filing fee was paid.

Joined by the Habeas was Application for Clearance

based on judges abuse of Discretion upon denying previous

writ of habeas corpus. (Exhibit-1, attached hereto.)

Further, submitted was state For Disqualification of judge

Audrey B. Collins.

The District Court, on May 23, 2007, returned

all legal documents above mentioned with a note attached

to one of its previous denials, saying the petitioner

is listed a vexatious litigant by that court.

( Exhibit-2, attached hereto)

June 12, 2007, or about, the petitioner submitted

Application for Clearance with the 9th Circuit Court of

Appeals showing the District Court abused its Discretion

denying previous writ of habeas corpus, and returning

habeas corpus, without ever reviewing trial court

records.

The 9th Circuit Court of appeals failed to

render judgment on the application.

On September 19, 2007, the District Court

returned the legal documents in questions, which habeas

petition was sent to the 9th Circuit Court for review.

A notice styled Order re filing by Vexatious litigant

was attached, stating " Not file." ( Exhibit-3, attached

hereto.  )

3.   STATEMENT OF THE FACTS

One of its main order's the District Court

want review limited to is dated May 2, 1999, and redated

3

September 12, 2007  ( Exhibit-3, attached hereto. )

Exhibit 3, reflect the District Court's wide
and repeatedly and maliciously denials of habeas corpus
without review of the merit, without review of the trial
court records the District Court was asked to review.

4.   NECESSITY FOR CLEARANCE

Petitioner request that Clearance be granted, because
the District Court do not deny :

1.     Falsely and Maliciously misrepresenting what
       the trial court records show-" Prosecution jury
       Tampering where jurors was tricked to believe
       District Attorney's false guilty plea was the
       petitioner's admission of guilt to the crime of
       kidnap to rob.

2.   All previous denial of habeas corpus was without
     review of the entire trial court records showing
     jury verdicts based on the prosecution's false
     plea.

3.   The District Court by repeatedly abusing its
discretion denying habeas Petitions 1969 through September
2007  deliberately and maliciously misrepresent the
merits to further its Vexatious litigant claim.  The
District Court formed new sentences with
vexatious litigant claim against review of trial court
records being disclosed, and reviewed- making decisions
that should not have been made.

4.    The District Court failed to address the
petitioner's claim of the California Supreme Court's denial

4

of March 28, 2007, consisting of more than four (4)

decades of denying habeas corpus in the case of

suppressing the trial court records ( In re RUCHELL CINQUE

MAGEE, NO. S143715, Cal. Supreme Ct., March 28, 2007).


Investigation into judges conduct is necessary,

because each decision made by federal Courts has

been listed as a strike designed to: "write record

facts away, " as if the record is non - existent, therefore

the decisions reading like a COINTELPRO play book make

the fraudulently trial appear non - existent.

> See In re RUCHELL Magee, NO. 75-1009-EC (G)
> (CEn. Dist. Calif.), rewriting the 9th Circuit
> Court of Appeals decision: Magee vs- Nelson, 455 F.
> 2d 275 (9th Cir. 1972.)

In 1969, the District Court did not have the 9th

Circuit Court of Appeals decision.  It stayed away from the

issue of prosecution suppressing trial court records by

claiming Magee failed to follow state Court of appeal.

( In re Ruchell Magee, NO. C-69-1665-DWW, August 22, 1969,

Cen. Dist. Calif.)

One decision after another is recited into gag - rule

against right to be heard.

> In re Ruchell Magee, NO. C-72-2869-MML (G);

> Magee vs- Cambra, C-97-4535-ABC (RC);

> In re Ruchell Magee, NO. C-80-0063 LTL (G);

> Magee vs- Ayers, NO. C-99-0205, ABC (1999).

1    In the 1999 decision ( NO. Cv-99 - 0205- SVW, Supra) the

2    District Court relied on the Anti- Terrorist Act, stating:

3        " ...Once again, a second or successive
         petition challenging the petitioner's 1965
4        conviction and sentence, which must be dismissed
         as a successive petition and for lack of
5        subject matter jurisdiction under 28 U.S.C. § 2244(b),
         AS AMENDED. "
6

7        In a vicious plot to hide prosecution jury

8    tampering, which led to hate crime frameups, the District

9    Court went on in its decision, concluding without review

10   of the trial court records suppressed that " there is

11       absolutely nothing in the pending petition
         that constitutes newly discovered evidence;
12       rather, it is merely a rehash of claims
         previously made by petitioner time and time again.
13
         This Court gives sponte petitioner notice that
14       due to his multiple and repetitious filings of
         habeas corpus petitions in this district, he has
15       abused the Court's process, and is likely to
         continue to abuse the Court's process, unless protective
16       measures are taken..."

17       Clearance is necessary to prove judges abuse

18   of discretion consist of inventing documents of blame in

19   repeatedly attempts to further destroy suppressed trial

20   court records with facts proving Actual Innocence.

21       Documents of blame by corrupted judges

22   decisions strays away from the issues of jury tampering

23   and suppression of records, and at the same time paints

24   a picture  of THE petitioner afforded competent counsel,

25   but Magee's repeatedly objection to the false guilty plea

26   were  outbursts the trial court reatedly warned Magee

27   about.

28

HOW TO FIND PROOF OF SUPPRESSION OF TRIAL
RECORDS OF PROSECUTION JURY TAMPERING:

A judge not limited to gag rule coverup, may
compare:

1) Clerk's minutes ( Superior Ct. Los Angeles
County, Case NO. 272227, May 27, 1963) with
reporter's transcript, May 27, 1963, to find
missing proceedings of the guilty plea.
Clerk's minutes reflect the plea of guilty
entered by public defender J. Stanley Brill.

2) Reporter's transcript of July 7, 1965
reflect the petitioner's motion for dismissal
of counsel DENIED, but there is no reporter
transcript of a hearing (Marsden - Hearing),
which hearing is required by state law.
otherwise, its a missing transcript.

3) Compare, all three (3) reporter's transcripts
with different proceedings of the trial judge
ordering the petitioner muzzled and chained...
One show muzzled and chained, because the
petitioner objected to the prosecution's guilty
plea styled "Not Guilty By Reason Of Insanity."
Another document shows muzzling by the  court,
because of Magee's outbursts the court warned
Magee about.   The outbursts are not showing,
except objection to the false plea entered by
the prosecution, as Magee's admission of guilt.

4) Prosecution Attorney's May 27-28, 1963

RT PAPER
E OF CALIFORNIA
115 (REV. 8-72)

closing argument, telling the jurors that Mr. Brown's
testimony could not be used, to convict the
defendants Leroy Stewart and Magee on the
guilty plea...

5)   Compare  the May 1963 false guilty plea, with the
July 1965 false guilty plea styled Insanity plea.   It
become clear, the state lacked sufficient evidence to
convict on the charge of kidnap to rob.  Absent the  false
pleads (false misrepresentation), no reasonable fact-finder
would have found the applicant guilty of the underlying
offense.

6)    Compare testimony of the prosecution's chief witness
Brown failure to tell of the Young woman in the care
March 23, 1963, until the fact came off in court.   In
Court, Brown gave the young lady three (3) different
names.         Brown denied pulling a gun - pointing at the
petitioner, approximately three (3) weeks prior to the
petitioner being arrested March 23, 1963 in Brown's care.
Compare testimony of the petitioner's eye - witnesses
Bobby Burris and David Lerr, which countradicted Brown's
testimony in ways the jurors shown complete face expression
disbelief in Brown's testimony.

These evidence proves the federal judges denying
habeas corpus  went ahead of trial record facts, and
created false finding while at the same time, leaving out
an available finding, in violation of Due Process, all
in all, amounting to government suppression of evidence

8

1   to coverup hate crimes.

2      The government is challenged, and required to admit

3   or deny the evidence of jury tampering ( PROSECUTION FALSE

4   MISREPRESENTATION), and conviction's in violation of the

5   United States Constitution.

6      Corrupted judges fraudulently decisions do not

7   change reality, the cowards are not that important.

8      Decisions made without review of complete records creates

9   an impermissible incomplete finding.

10      Denying habeas petitions, the federal courts made

11   a mess. See denials in Magee vs- Galaza, NO. C-01-8119-SVW

12   (RC), CDC; Magee v- Ayers, NO. 99-0205-ABC (RC), CDC

13   denying access to court with racist lip-service  reads

14   like garbage from a mental ward, or hell.

15      Each decision proves irresponsible, and unethical.

16   The same corrupted judges played with words reading one

17   fraudulently decision into another. See also In re RUCHELL

18   CINQUE MAGEE, NO. C- 05 - 5843, ABC (RC) CDC, citing

19   the Anti-terrorist act, which policy or act do not apply

20   in this case (matter).

21      There is no law- in the book that say a

22   judge or officers of the court can enter a guilty plea

23   to a charge, in behalf of a person on trial, over the

24   expressed objection of the defendant.

25      July 27, 1965, during jury deliberations, and

26   out of presence of the jury  the trial court ordered

27   the insanity plea withdrawn, stating it were false  .

28      The Federal decisions say nothing about  the jurors

1    instructed on the insanity plea, and told by the District Attorney

2    ( during closing argument) to convict on the plea of not guilty

3    by reason of insanity.

4            As showing by habeas Petition reflecting the trial record

5    facts:

6        (July  1965)

7        COUNSEL JACKE:    If I may, your honor, I move to withdraw
                           the plea of not guilty by reason of insanity
                           on the grounds that the plead were a mistake
8                          on counsel's carless, made over the defendant's
                           objection and made without any evidence
9                          that might indicate a doubt to his sanity...

10

11       The COURT:     Yes, I recall the defendant objecting to the
                        plea....     The plea of not guilty by reason
12                      of insanity is ordered withdrawed, let the
                        record so reflect ...   Court appointed counsel
13                      has demonstrated disloyality to his profession,
                        therefore if the jury find the defendant guilty
14                      he will get a new trial.

15       The federal courts decision distract attention away from the

16   trial record facts .

17       The Trial court did not withdraw the plea of insanity based

18   on fair play.    Some black people had walked in the courtroom, as

19   spectators after filing complaint with the District Attorney's

20   office about the police attacking assaulting and beating the

21   petitioner in the courtroom ( Dept. 101), without justification

22   April 6, 1965, or about.

23       Once the jurors convicted on belief of the insanity

24   plea being  the petitioner's admission of guilt to the crime charged,

25   a life sentence issued.

26       That racist plea have judges blindfold to the point, they

27   have been making decisions intended to legalize the conviction...

28

RT PAPER
[ OF CALIFORNIA
113 (REV. 8-72)

1    During the prosecution's open statement to the

2    jurors July 26, 1965, the record reflect:

3    DISTRICT ATTORNEY DEMARK:    ...We have here before

4    you a robbery and kidnap defendant Magee  pleading

5    insane after the crime had been committed.    I will prove

6    to you that Magee is guilty as charged but would have you

7    to think otherwise on his insanity plea...

8    THE DEFENDANT:    I wish to address the court, I
                      object  to  the  District · Attorney's
9                     statement because I  did not
10                    enter the insanity plea, my
11                    only plea were a previous judgment
                      of conviction or acquittal in
12                    the court refused..
13

14    The trial court, at that time, responded with muzzling

15    in presence of the jurors, as the records reflect:

16    THE COURT :    .... Magee must be tried on the insanity plea
                     whether he  like it or not.....The
17                   Bailiffs are ordered  to take  defendant
18                   from the court and gag him for objecting
19                   to the  law in which we must follow in
20                   restraining those do  not understand
                     insanity pleads that carry no  foundation.
21

22    The federal courts decisions denying habeas Petitions

23    are an extention of the insanity plea that white extremists

24    contaminated the trial with.

25    Clearance hearing will prove the state violated

26    its own law by failure to hold a Marsden -Hearing July 7, 1965,

27    on the petitioner's  motion for dismissal of counsel Jacke.

28

RACISM IS WORSER THEN JENA, LOUISIANA

RACIST RETALIATION

The insanity plea was a retaliation for the petitioner 's testifying against the arresting officers, brutality and frameup.

Record shows,  petitioner testified that upon being arrested March 23, 1963 in Los  Angeles by the police, he was handcuffed, and questioned about robbery of a man.  Petitioner stated that he did not rob anybody.  There, he received a physical beating from hands of the police who referred to him as a nigger never getting out of jail.

During the second prosecution, April 6, 1965, or about, while in the Superior courtroom, Dept. 101, of Los Angeles, the court told the petitioner he was back for a new trial.

Petitioner asked the court, " who requested a new trial ? " Immediately, without justification, three deputy sheriff officers attached assaulted and beat the petitioner in the face with fit, and threatened the petitioner with being a nigger, never getting out of jail....

May 18, 1965, court appointed counsel who the petitioner had never met, and never talk to, entered a guilty plea styled not guilty by reason of insanity. ( RT. 2.) Petitioner objected, stating his only plea were a previous judgment of a conviction or acquittal.

Petitioner filed written motion for dismissal  of counsel Clay H. Jacke based on conflict of interest on part of counsel.  July 7, 1965, the Superior Court dismissed the motion, without the mandatory Marsden - Hearing.   Incidentally, Counsel Jacke was ex-deputy of the sheriff Station that arrested/assaulted the petitioner.

12

1    Federal Court's abuse of power clearly shows

2    by decisions:   COMPARE STATE COURT DECISIONS, AND

3    FEDERAL COURT'S DECISIONS.

4        On November 5, 1971 and December 27, 1971, during

5    writ of habeas Petition show cause ( In re RUCHELL

6    MaGEE, NO. 60557, Superior Court, Marin County ), the

7    repeated ORDERS by the Court issued directing the

8    Los Angeles County Clerk and the Trial Court reporter

9    to disclose all trial records in case Number 272227,

10   and records of the District Court, Second Appellate

11   of the state of California.   The prosecution failed/

12   refused to disclose said records.

13       March 20, 1972, or about, the Superior Court

14   denied habeas corpus without prejudice.

15       The transcripts, said to be records of the 1963

16   and 1965 trials proves word different than the

17   transcripts/ documents the prosecution used in the

18   federal courts ( Magee vs- Nelson, 455 F. 2d 275 (9th

19   Cir. 1972).)

20       Review the federal District Court's denial

21   of habeas corpus 2005 ( Magee vs- Galaza, NO. C-05-

22   5843, ABC (RC), Central Dist. Calif. ).)   Here, the

23   District court used previous denials of habeas

24   dated back to 1969, as strikes, to conclude that

26   the 1996 Anti-terrorism Act barred Magee's filing of

27   habeas corpus.

28       According to the Central District Court, in

13

its denials of Habeas Petitions ( 1973 through 1991),
the 9th Circuit court of appeals decision above mentioned,
barred all Claims by Magee from hearing - making Magee's
Habeas Petitions res Judicata .

These decisions need be reviewed for abuse of
disctretion:

In re Ruchell Magee, NO.C-72-2869-MML (G) (1973);

In re RUCHELL Magee, NO. C- 75 - 1009 - EC (G)

In re RUCHELL MAGEE, NO. C- 80-0063 LTL (G) (1975):

U.S. Dist. Court, Central Dist. Cal..

Magee vs- Nelson (9th Cir. 1972) 455 F. 2d 275.

The District court, and Appeals court knew, or should
know that Res Judicata law did not apply to a habeas
ruling ( in the 1960's and 1980's ). See Sanders vs-
United States (1963) 373 U.S. 1, 7 - 8 ).

In the 1990's through 2007, the District
and 9th Circuit Courts, shifted their gag rule
against Magee's habeas corpus to the Anti-terrorist
Act Claiming Magee is limited to filing only one
habeas Petition.

These decisions abuse power, because the judges
made their decisions as result of the state suppressing
trial court records - hidding evidence in hate crime
frameups, more then four decades, without any type of
show cause on the merits in habeas Petitions.

CLEARANCE –HEARING will prove by prima facie showing that the District Court, denying habeas corpus has not once allowed a show cause on the merits  .

All denials of habeas corpus was limited to what one judge assumed, without review of the trial court records.

Facts need addressing with the records are:

1.    Jurors  instructions on insanity plea which the trial court declared false misrepresentation that should not have went to the jurors.

2.    Withdrawal of the insanity plea, was did to late, and after damages was did: " Prejudicing the  jurors. "

3.     Court appointed Counsel's was ineffective, because he put a trick false plea in the jury box.     Nobody, other then judge's assuming legality of the plea, deny the fact the plea destroyed Sixth Amendment assumption of INNOCENCE, until proven guilty.    Falsehood of the guilty/insanity plea painted a picture of the petitioner admitting guilt to the crime charged.

The prosecution's chief witness - Brown's testimony was to conflicting for acceptance.  The District Attorney's closing argument May 27, 1963 was , the jury must convict defendants Stewart and Magee on the officer's of the court's guilty plea.

15

1

DUE   PROCESS  OF  LAW

2

3     The Federal court's abuse of discretion arguably violated the

4     federal Constitutional guarantee of due process.   Substantive due process

5     under the Fifth and Fourteenth Amendments to the United States Constitution

6     protects people against arbitrary, wrongful government action, regardless

7     of the fairness of the procedures used to impement such actions.

( See, e.g., Reno v- Flores (1993) 507 U.S. 292 [ L.Ed. 2d., 113 S. Ct. 1439,

8     1454 ] [ O'Connor, J., conc. op.];  Foucha v- Louisiana ( 1992) 504 U.S.

9     71, 80 [ 118 L. Ed. 2d 437,  112 S. Ct. 1780 ];  Howard v- Grinage (1996)

10    82 F. 3d 1343, 1349 - 1353 [  " If the conduct resulting in the

11    deprivation is intentional or deliberately indifferent, a constitutional

12    violation results even if the decision to deprive was made with the best

13    of motives." ].)

14        The federal constitutional due process guarantee extends to

15    rights created under the Constitution or under state law.( Meachum v.

16    Fano (1976)  427 U.S. 215  [ 49 L. Ed. 2d 451, 96 S. Ct. 2532].);

17    Wolff v. McDonnell (1974) 418 U.S. 539 [ 41 L. Ed. 2d 935, 94 S. Ct.

18    2963 ].)

19        In the petitioner's case, the federal court's invented

20    gag rule - denying First Amendment right to speech, as ways arround

21    hearing a prima - facie ........ issue, regarding state jury tampering

22    that cause deprivation of liberty.

23        The Anti-terrorist Act was non - existent in the

24    1960's - 1970's and 1980's.   The District Court's decisions of the

25    1960's - 1970's and 1980's denying habeas corpus without review of

26    the trial court records has been repeatedly and arbitrarily read into

27    the Anti-terrorist Act suspending writ of habeas corpus as to this

28    particular case of racist slavery, as a major distraction.

P PAPER
OF CALIFORNIA
13 (REV. 8-72)

United States Constitution, Art. 1, § 9, of cl. 2

( Writ of habeas corpus) is declared null and void

once judges use the claim " Vexatious Litigant," until

the victims of wrongful imprisonment get outside help,

help outside of the COINTELPRO circle of fraud,

deception and oppression.

Records that will prove a clear case of actual

innocence, and imprisonment on deliberately and

knowingly false misrepresentation have been more

then four decades suppressed by a  secrete operation

in our criminal justice system: " Practicing slavery

under color of justice."

On the other hand, the Supreme Court declares

the trial record is crucial to the petitioner's claim,

and must be made available for review. ( Reiger vs-

Christensen (9th Cir. 1986)  789 F. 2d 1425, 1435 n. 7;

Hicks vs- Oklahama (1980) 447 U.S. U.S. 343, 346;

See also, Ruff vs- Kinchloe ( 9th Cir. 1988) 843 F. 2d.

1240;   Vicks vs- Burnell (9th Cir. 1989) 875 F. 258.)  )

It should be submitted that under California state

law, trial court records may be destroyed, if what the

state presented as records are not contested by prisoners

filing legal documents.

Petitioner violated no law, contesting doctored

transcripts used for denying access to the real records.

Under the Brady Rule,  the government is barred from

suppressing evidence.  See Kyless vs- Whitley  (1995)

17

115 S. Ct. 1555, 1565, citing the Brady Rule, 373 U.S. 83,
( 1963).

The Brady law would seem clear: That judge's review
without full record's or evidence in question, the
judge's word cannot be accepted as face value while the
record's or evidence be suppressed by the government.

In the present case, the judge's word without
review of the full record's has taking control over
evidence suppressed, evidence never addressed.
The prosecution's argument was 90 percent around the
guilty pleads it entered, and tricked upon the jurors.
The Anti-Terrorism Act, or the judge made decisions cannot
take that back: " JURY TAMPERING."

The records show the second trial jurors was
told/ instructed to convict petitioner on the state's
guilty/insanity plea.    The jurors misinformed, did as
told.

The prosecution has never denied that the
jury convicted on its guilty/insanity pleads, and had
those false pleads not been tricked upon the jurors,
the jury would have acquitted the petitioner.  Because
the prosecution's evidence was insufficient to convict.

The judge's made gag rule is designed to
cast a doubt of the guilty/insanity plea used to convict .

The District Court's strikes claim about vexatious
litigant goes back to 1969 denials, and  now injury victim's

18

of lynch-law convictions.

Extraordinary relief is necessary to review all records and documents, because the court's abuse of power and mess made have been blamed on the petitioner - resulting into punishment the petitioner do not have coming.

Federal courts made findings from documents referred as records which were never filed in the California State Supreme Court. Documents the trial court records proves incomplete, incorrect and wrongfully used in the federal courts, in violation of the rules in the decision entitled, Mckinney v- Boyle ( 9th Cir. 1968) 404 F. 2d 632.

Incorrect documents may not be used to restrict disclosure of trial court records. ( United States v- Harris, ( 9th Cir. 1976) 542 F. 2d 934; also Salama v- Comm. Of Virginia (4th Cir. 1979) 605 F. 2d 1329;

Ewers v- Bd. Of County Comm's Of County, ( 10th Cir. 1986) 802 F. 2d 1242;  reh. den. 108 S. Ct. 704.).)

Review of the complete records in the instant case, the court will discovery clear evidence of false guilty pleads by officers of the court, which include a legally impossible admission, an act in excess of jurisdiction.

The District Court acted without jurisdiction inventing decisions in attempt to give the state jurisdiction where it lacked jurisdiction  to deny jury trial by use of false guilty pleads to a crime

19

that evidence proven never occured prior to the petitioner
being arrested.

The pre filing order is similar to the
pre - filing order VACATED by the U.S. District Court,
Northern District Of California (May 2, 2005 ) where
it was ruled:

> " The Ninth Circuit has made clear that orders
> restricting a person's access to the courts must
> be based on adequate justification supported in
> the record and must be narrowly tailored to
> address the abuse perceived. See De Long v Hennessey,
> 912 F. 2d 1144, 1148-49 ( 9th Cir. 1990). An
> Order preventing a Litigant from filing " any"
> further actions without leave of court is overly
> broad and cannot stand. See Id; Moy v United States,
> 906 F2d  4670-71 ( 9th Cir 1990).

The pre-filing review order's restriction on any further
actions requesting disqualification of judges, and on any
civil rights action, submitted by Magee for filing is
overly broad and cannot stand. See id.  Nor can the order's
restriction on and further actions challenging Magee's
convictions.  Although the latter appears  narrowly
tailored, it conflicts with 28 USC § 2244(b), enacted a
year after the pre - filing review order was filed. .."
( Magee v- Scribner, NO. C 05-80075 MISC VRW, Order,
     Northern Dist. Calif. ( May 2, 2005 )

"Under § 2244(b), a claim presented in a second or
successive petition for a writ of habeas corpus under
28 U.S.C. 2254 that was presented in a prior petition must
be dismissed. 28 USC § 2244(b)(1).

In the present case, failure/refusal to disclose
the full records for review prevented adequate review of
all the claims presented by the petitioner.

1    THE DISTRICT COURT'S INTERPRETATION OF THE
2    ANTI-TERRORIST ACT IS   TWISTED BACKWARDS

3

4    PEOPLE filing habeas corpus have Access to Court
5    GUARANTEED RIGHTS   ( First Amendment, U.S. CONSTITUTION.)

6

7    The Anti- Terrorist Act was said to be intended
8    for prohibiting the filing of frivolous documents.

9    The District Court has a PATTERN of inventing
10   deliberately and intentionally frivolous and false
11   documents, long before and after the enactment of the
12   alleged Anti-terrorist Act ' placing restrictions on
13   the people's most protective Legal procedural. "

14   The District Court has proved to mentally retarded,
15   or corrupted to understand the difference between a racist
16   Prant styled guilty/insanity plea, and  lawyers'  fair
17   or Constitutional Assistance.

18   The false insanity/guilty plea (prant) attributed
19   admission of guilt to the petitoner that came from klansville
20   all the way to the jury's box.

21   The prosecution committed deliberately misconduct
22   upon putting that lych - law plea in the jurors belief that
23   the petitioner pleaded insane.   To be sure, when the jurors
24   saw the petitioner chained and Muuzzled, they was told to
25   disregard defendants outburse, that his counsel was handling
26   the case.   The trial court records need be reviewed, before
27   RUBBER _ STAMP ORDERS BE USED TO MISREPRESENT as those false
28   pleads Misrepresented the petitioner's defense.

1    False guilty/insanity plea clearly MISREPRESENT the

2    petitioner's defense.    Judges  who made decisions in favor

3    of deliberately and malicious  miresentation of the

4    petitioner's defense should NOT be allowed to continue hide

5    such INJUSTICE by taking Politicians new laws or policy

6    out of context.

7        The Anti- Terrorist Act, if not a klans or Nazi

8    document is used to protect racists guilty of MANIPULATING

9    the CRIMINAL JUSTICE SYSTEM "practicing slvery under color

10   of Law. "

11       REVIEW OF THE TRIAL COURT RECORDS WILL PROVE :

12     1. Fraudulently and racist Prosecutions of
13        1963 and 1965;

14     2. Denial of Sixth Amendment Rights to Counsel;

15     3.  Illegally Muzzled for Objecting to
          deliberately and intentionally false
16        Misrepresentation;

17     4.  Convicted without Sufficient Evidence
18        to support the charge of kidnap to rob;

19     5.  Prosecution's failure/refusal to disclose
20        trial court records on appeal and during
          Habeas Corpus proceedings;.
21

22     6.  Prosecution's jury tampering by use of
          knowingly  alse evidence to trick jurors
23        to convict;

24     7.  Appellate Court's and Politicians renewal of
25        the Prosecution's device to suppress trial
          court records (EVIDENCE )  by use of the
26        document referred as the Anti-Terrorist Act.

27

28

RELIEF
--------

WHEREFORE, petitioner requests an ORDER granting CLEARANCE :

1.  Take jurisdiction over the subject matter  in defense of the United States Constitution:

2.  Review all  trial court records ( 46 years under gag - rule ) to compare with years of  RUBBER STAMP ORDERS made by judges who failed to review the records;

3.  Judicially acknowledge record evidence supporting all claims of hate crime frameups in this matter;

4.  Assign the case to Special Prosecution for investigation into crimes of government suppressing evidence of hate crime frameups, to also determine how many people may be effected by  hate crime frameups and coverup in this country.

5.  Order the habeas corpus before a special prosecution to prevent further racist/corrupted judges suppressing of evidence in the name of the Anti-Terrorist Act.

6.  Order the evidence finding to be reviewed by special prosecution to determine if the Politicians ( Orrin Hatch - Newt Ginrich and Bob Dole ) deliberately involved in the coverup of hate crime frameups, in that the public may be protected from these criminals organized crime activity which have been years played up as justice in the interest of public protection.

IT IS SO REQUESTED .

I certify under the penalty of perjury the foregoing is true and correct.

DATED:  November 11, 2007

RUCHELL CINQUE MAGEE



DISTRICT COURT
DISTRICT OF COLUMBIA

- ORIGINAL -

HATE CRIMES COURT
Hidden since 1963.
(46-years)

- COVER -

HABEAS CORPUS APPEAL EXPOSING
LYNCH _ LAW COURT BEFORE THE
U.S. COURT OF APPEALS, 9th Circuit
at San Francisco, California

( In re RUCHELL CINQUE MAGEE )

Judge

TERRORIST
ACT

ANTI
TERRORIST
ACT

KKK

Defendant
Plea Guilty
!!!

( District Court
Recitation: MAY 23, 2007
upon Return of Habeas )

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: _____

DEPUTY CLERK

CLERK, U.S. DIS.

MAR - 2 1999

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RECEIVED & RETURNED
CLERK, U.S. DISTRICT COURT

SEP 12 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

RUCHELL CINQUE MAGEE,

        Petitioner,

vs.

ROBERT AYERS, Warden,
et al.,

        Respondents.

Case No. CV 99-0205-ABC(RC)

JUDGMENT

Vexatious Litigant

Pursuant to the Order of the Court adopting the findings,
conclusions, and recommendations of the United States Magistrate
Judge,

IT IS ADJUDGED that the Petition for Writ of Habeas Corpus and
the action are dismissed with prejudice as a successive petition and
for lack of subject matter jurisdiction.

DATE: March 1, 1999

Exhibit-1

Audrey B. Collins
AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RUCHELL CINQUE MAGEE,           ) Case No. CV 99-0205-ABC(RC)
                                )
            Petitioner,         ) ORDER ADOPTING REPORT AND
                                ) RECOMMENDATION OF UNITED STATES
                                ) MAGISTRATE JUDGE
vs.                             )
                                )
                                )
ROBERT AYERS, Warden,           )
et al.,                         )
                                )
            Respondents.        )
                                )
_____)

     Pursuant to 28 U.S.C. Section 636, the Court has reviewed the
Petition and other papers along with the attached Report and
Recommendation of the United States Magistrate Judge, and has made a
de novo determination.


     IT IS ORDERED that (1) the Report and Recommendation is approved
and adopted; (2) the Report and Recommendation is adopted as the
findings of fact and conclusions of law herein; (3) petitioner is
declared to be a vexatious litigant within the meaning of Local Rule
27A, and the Clerk of Court is directed not to accept further filing

1    of habeas corpus petitions without the payment of a filing fee and

2    without prior written authorization from a District Judge or a

3    Magistrate Judge issued upon a showing of evidence supporting the

4    claim; and (4) Judgment shall be entered dismissing the petition and

5    the action with prejudice as a successive petition and for lack of

6    subject matter jurisdiction.

7

8        IT IS FURTHER ORDERED that the Clerk shall serve copies of this

9    Order, the Magistrate Judge's Report and Recommendation and Judgment

10   by the United States mail on the parties and Clerk of Court.

11

12   DATED:    _March 1, 1999_

13

14                                    _Audrey B. Collins_
                                      AUDREY B. COLLINS
15                                    UNITED STATES DISTRICT JUDGE

16

17   R&Rs\99-0205.ADO
     2/23/99
18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6



I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.
DATED: 1-26-99
Isabel Martinez
DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT

JAN 2 6 1999

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

7          UNITED STATES DISTRICT COURT

8          CENTRAL DISTRICT OF CALIFORNIA

9

10

11  RUCHELL CINQUE MAGEE,         ) Case No. CV 99-0205-SVW(RC)
                                  )
12              Petitioner,       ) REPORT AND RECOMMENDATION
                                  ) OF A UNITED STATES MAGISTRATE JUDGE
13                                )
    vs.                           )
14                                )
    ROBERT AYERS, Warden,         )
15  et al.,                       )
                                  )
16              Respondents.      )
                                  )
17  _____)

18

19      This Report and Recommendation is submitted to the Honorable

20  Stephen V. Wilson, United States District Judge, pursuant to the

21  provisions of 28 U.S.C. § 636 and General Order 194 of the United

22  States District Court for the Central District of California.

23

24                          **BACKGROUND**

25                              **I**

26      On January 11, 1999, petitioner Ruchell Cinque Magee, a person in

27  state custody proceeding pro se, filed a petition for writ of habeas

28  corpus challenging his **1965** conviction and sentence for kidnapping and

1  robbery in the Superior Court of Los Angeles County, case no. 272227.[1]

2  The instant petition attacks petitioner's conviction by focusing on

3  the 1992-93 decision of the California Supreme Court, which refused to

4  grant petitioner a writ of habeas corpus, claiming that the California

5  Supreme Court: (1) should have held an evidentiary hearing on

6  petitioner's claim of ineffective assistance of counsel; (2) abused

7  its discretion in failing to address petitioner's claim of double

8  jeopardy; (3) erred in failing to address whether petitioner was

9  denied effective assistance of counsel; (4) erred by failing to hold a

10

11  _____

12  [1]  The Ninth Circuit Court of Appeals has made the following
    findings regarding petitioner:

.3

14      MaGee is serving a life sentence, having been
        convicted, as a second felony offender, of kidnapping

15      for the purpose of robbery, in violation of Section 209
        of the California Penal Code, and first degree robbery,
        in violation of Section 211 of the Penal Code.  [¶]

16      Two trials have been held in this matter in the
        Superior Court of California for Los Angeles County.

17      At the first trial the jury convicted both MaGee and
        his co-defendant.  MaGee appealed to the California

18      District Court of Appeal, Second District, which
        reversed his conviction and remanded the case to the

19      Superior Court for a new trial.  The Court held, in an
        unpublished opinion, that the prosecution's evidence

20      had been sufficient to support the jury's verdict of
        guilty, but that the joinder of a count charging

21      MaGee's co-defendant with a separate, unrelated robbery
        had unduly prejudiced MaGee. . . .  Upon remand MaGee

22      was tried alone, before a jury, and again convicted.
        Sentence was pronounced on September 2, 1965.  MaGee

23      filed a timely notice of appeal, but moved to dismiss
        the appeal on December 10, 1965.  The District Court of

24      Appeal, acting pursuant to Rule 38 of the California
        Rules of Court, dismissed MaGee's appeal on December

25      17.

26

27  Magee v. Nelson, 455 F.2d 275, 276 n.1 (9th Cir.), cert. denied,

28  92 S.Ct. 1517 (1972).

1   factual hearing on misconduct by the prosecutor in failing to disclose

2   evidence of innocence; (5) abused its discretion by failing to address

3   whether the trial court used excessive restraints upon petitioner in

4   the presence of the jury; and (7) (ground 6 is missing) erred in

5   denying petitioner appointment of counsel in his habeas proceeding.

6

7                                    II

8       This Court, pursuant to Federal Rule of Evidence 201, takes sua

9   sponte judicial notice of the records of the habeas corpus actions

10  previously filed in this district by petitioner:[2]  The petitioner

11  filed his first habeas corpus action on August 22, **1969**, in case no.

12  CV 69-1665-DWW.  Since then, petitioner has filed **thirty-four** (34)

13  additional habeas corpus actions.  Most recently, Judgment was entered

14  on July 18, 1997, in Magee v. Cambra, CV97-4535-ABC(RC), summarily

15  dismissing with prejudice the petitioner's thirty-third habeas corpus

16  petition as a successive and abusive petition.[3]  In the Memorandum

17  Decision summarily dismissing the last petition, District Judge Audrey

18  B. Collins admonished petitioner that if he filed yet another

19  successive or abusive habeas corpus petition, he would be declared a

20  vexatious litigant under Local Rule 27A.   In short, for many years

21  petitioner has been abusing the writ with his numerous habeas corpus

22

23  ————————————————

24      [2]  The petitioner has also filed at least one habeas corpus
    petition in the United States District Court for the Northern
    District of California, which was denied on the merits.  See

25  Magee v. Nelson, 455 F.2d at 277.

26      [3]  Other habeas corpus petitions filed by petitioner prior
    to the thirty-third petition were also dismissed as abusive
27  petitions.  See, e.g., Magee v. Marshall, CV94-0204-RMT(JR) and
    Magee v. Marshall, CV 92-3356-R(JR).

1  filings in this and other federal courts.

2

3                            DISCUSSION

4       The instant petition is governed by the provisions of the

5  Antiterrorism and Effective Death Penalty Act of 1996 ("the Act"),

6  which became effective April 24, 1996.   Pub. L. 104-132, 110 Stat.

7  1214.   Section 106 of the Act amends 28 U.S.C. § 2244(b) to read, in

8  pertinent part, as follows:

9

10      (b)   (1)   A claim presented in a second or successive

11                  habeas corpus application under section 2254

12                  that was presented in a prior application

.3                  shall be dismissed.

14            (2)   A claim presented in a second or successive

15                  habeas corpus application under section 2254

16                  that was not presented in a prior application

17                  shall be dismissed unless --

18            (A)   the applicant shows that the claim

19                  relies on a new rule of

20                  constitutional law, made

21                  retroactive to cases on collateral

22                  review by the Supreme Court, that

23                  was previously unavailable; or

24            (B)   (i)   the factual predicate for

25                        the claim could not have

26                        been discovered

27                        previously through the

                            exercise of due

1               diligence; and

2           (ii) the facts underlying the

3                claim, if proven and viewed in

4                light of the evidence as a

5                whole, would be sufficient to

6                establish by clear and

7                convincing evidence that, but

8                for constitutional error, no

9                reasonable factfinder would

10               have found the applicant

11               guilty of the underlying

12               offense.

13   (3)  (A)  Before a second or successive

14             application permitted by this

15             section is filed in the district

16             court, the applicant shall move in

17             the appropriate court of appeals

18             for an order authorizing the

19             district court to consider the

20             application.

21

22      Here, the instant petition is, once again, a second or successive

23   petition challenging the petitioner's 1965 conviction and sentence,

24   which must be dismissed as a successive petition and for lack of

25   subject matter jurisdiction under 28 U.S.C. § 2244(b), as amended.

26   There is absolutely nothing in the pending petition that constitutes

27   newly discovered evidence; rather, it is merely a rehash of claims

28   previously made by petitioner time and time again.

III

This Court gives sua sponte petitioner notice that due to his multiple and repetitious filings of habeas corpus petitions in this district, he has abused the Court's process, and is likely to continue to abuse the Court's process, unless protective measures are taken. The Court, thus, under Local Rule 27A, intends to declare petitioner a vexatious litigant and to require Court approval prior to petitioner filing any habeas corpus petition.[4]  Under Local Rule 27A, the petitioner may file objections to the proposed declaration and order within twenty (20) days of the date of this Report and Recommendation.

**RECOMMENDATION**

IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) adopting the Report and Recommendation as the findings of fact and conclusions of law herein; (3) declaring petitioner to be a vexatious litigant within the meaning of Local Rule 27A, and directing the Clerk of Court not to accept the further filing of habeas corpus petitions without the payment of a filing fee and without prior written authorization from a District Judge or a Magistrate Judge issued upon a showing of evidence supporting the claim; and (4) directing that Judgment be entered

//
//
//

---

[4]  It appears that petitioner has previously been declared a vexatious litigant in the United States District Court for the Northern District of California. See West v. Procunier, 452 F.2d

1 dismissing the petition and the action with prejudice as a successive

2 petition and for lack of subject matter jurisdiction.

3

4 DATE: January 22, 1999

5 ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

6

7 R&Rs\99-0205.R&R
1/22/99

8

9

10

11

12

.3

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Exhibit 8*



RECEIVED & RETURNED
CLERK, U.S. DISTRICT COURT

SEP 1 2 2007

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
ENTERED

OCT 3 1 2001
10-31-01

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

FILED
CLERK, U.S. DISTRICT COURT

10-31-01
OCT 3 1 2001

CENTRAL DISTRICT OF CALIFORNIA
BY                     DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL CINQUE MAGEE, | ) Case No. CV 01-8119-SVW(RC) |
| Petitioner, | ) MEMORANDUM DECISION AND ORDER ON A STATE HABEAS CORPUS PETITION |
| vs. | ) |
| GEORGE GALAZA, WARDEN, | ) |
| Respondent. | ) |

**THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).**

This Court, pursuant to Federal Rule of Evidence 201, takes judicial notice that on March 3, 1999, in Magee v. Ayers, case no. CV99-0205-ABC(RC), District Judge Audrey B. Collins ordered that petitioner Ruchell Cinque Magee be declared a vexatious litigant under Local Rule 27A, and directed the Clerk of Court to not accept further filings of habeas corpus petitions without payment of a filing fee and prior authorization from a District Judge or Magistrate Judge issued upon a showing of evidence supporting a claim, because petitioner had, between 1969 and 1999, filed **thirty-five** federal habeas corpus petitions challenging his **1965** conviction and sentence in Los Angeles County Superior Court case no. 272227, and most all of those petitions

Docketed
✓ ond copy Pays
✓ ond Notice Prys

OCT 3 1 2001

*14*

1  were dismissed as successive or abusive petitions.  Yet, on June 8,
2  2001, petitioner filed a habeas corpus petition in the United States
3  District Court for the Eastern District of California, again
4  challenging his 1965 conviction and sentence in Los Angeles County
5  Superior Court case no. 272227, with objection to transfer of the
6  action to this Court.  Nevertheless, on September 19, 2001,
7  petitioner's habeas corpus action was transferred to this Court.
8
9                          DISCUSSION
10      The instant petition is governed by the provisions of the
11  Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"),
12  which provides:
13
14      (b)  (1)  A claim presented in a second or successive
15                habeas corpus application under section 2254
16                that was presented in a prior application
17                shall be dismissed.
18           (2)  A claim presented in a second or successive
19                habeas corpus application under section 2254
20                that was not presented in a prior application
21                shall be dismissed unless --
22                (A)  the applicant shows that the claim
23                     relies on a new rule of
24                     constitutional law, made
25                     retroactive to cases on collateral
26                     review by the Supreme Court, that
27                     was previously unavailable; or
28                (B)  (i)  the factual predicate for

2

1        the claim could not have

2        been discovered

3        previously through the

4        exercise of due

5        diligence; and

6      (ii) the facts underlying the

7        claim, if proven and viewed in

8        light of the evidence as a

9        whole, would be sufficient to

10       establish by clear and

11       convincing evidence that, but

12       for constitutional error, no

13       reasonable factfinder would

14       have found the applicant

15       guilty of the underlying

16       offense.

17

18 28 U.S.C. § 2244(b).  Moreover, the AEDPA requires that before a

19 second or successive application is filed in the district court, "the

20 applicant shall move in the appropriate court of appeals for an order

21 authorizing the district court to consider the application."  28

22 U.S.C. § 2244(b)(3)(A).

23

24  Here, this Court finds that the instant petition is another

25 successive petition challenging the petitioner's 1965 conviction and

26 sentence, raising claims that could have been previously raised, and

27 which petitioner has not received permission from the Court of Appeals

28 to file.

1      Rule 4 of the Rules Governing Section 2254 Cases in the United

2  States Courts provides that "[i]f it plainly appears from the face of

3  the petition and any exhibits annexed to it that the petitioner is not

4  entitled to relief in the district court, the judge shall make an

5  order for its summary dismissal. . . ."

6

7                          **ORDER**

8      IT IS HEREBY ORDERED that Judgment be entered SUMMARILY

9  DISMISSING the Petition for Writ of Habeas Corpus for lack of subject

10  matter jurisdiction.

11

12  DATE: ___10/30/01___

13                          STEPHEN V. WILSON

                     UNITED STATES DISTRICT JUDGE

14  PRESENTED BY:

15  DATE: Sept. 25, 2001

16  ROSALYN M. CHAPMAN

17  UNITED STATES MAGISTRATE JUDGE

18  R&R-MDO\01-8119.MDO

19  9/25/01

20

21

22

23

24

25

26

27

28

4

Exhibit_3

*Exhibit 3*

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only



ORIGINAL



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUCHELL CINQUE MAGEE, | ) | Case No. CV 05-5843-ABC (RC) |
| Petitioner, | ) | |
| | ) | JUDGMENT |
| vs. | ) | |
| | ) | |
| A.K. SCRIBNERS, WARDEN, | ) | |
| | ) | THIS CONSTITUTES NOTICE OF ENTRY |
| Respondent. | ) | AS REQUIRED BY FRCP, RULE 77(d). |

RECEIVED & RETURNED
CLERK, U.S. DISTRICT COURT

SEP 1 2 2007    9:00

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

        Pursuant to the Memorandum Decision and Order on a petition for
habeas corpus,

        IT IS ADJUDGED that the petition for writ of habeas corpus is
SUMMARILY DISMISSED pursuant to the Order dated March 3, 1999, and for
lack of subject matter jurisdiction.

        DATED:  _Aug 12, 2005_

                                    _Audrey B. Collins_
                                    AUDREY B. COLLINS
                                    UNITED STATES DISTRICT JUDGE

R&R-MDO\05-5843.JUD
8/11/05

*Exhibit 3*

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|

I (a) PLAINTIFFS

*RACHELL C. MAGEE*

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF *88888*
(EXCEPT IN U.S. PLAINTIFF CASES)

*9056 YR*

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
*# A 92051*

DEFENDANTS

*ORRIN HATCH, U.S. SENATOR, ETAL*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-02176  *WE D IN DC*
Assigned To : Huvelle, Ellen S.  *BOY 12/5/07*
Assign. Date : 11/21/2007
Description: Habeas Corpus/2255

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government Plaintiff
⊠ 2 U.S. Government Defendant

□ 3 Federal Question (U.S. Government Not a Party)
□ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZEN...
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| □ A. *Antitrust* | □ B. *Personal Injury/ Malpractice* | □ C. *Administrative Agency Review* | □ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| □ 410 Antitrust | □ 310 Airplane<br>□ 315 Airplane Product Liability<br>□ 320 Assault, Libel & Slander<br>□ 330 Federal Employers Liability<br>□ 340 Marine<br>□ 345 Marine Product Liability<br>□ 350 Motor Vehicle<br>□ 355 Motor Vehicle Product Liability<br>□ 360 Other Personal Injury<br>□ 362 Medical Malpractice<br>□ 365 Product Liability<br>□ 368 Asbestos Product Liability | □ 151 Medicare Act<br><br>**Social Security:**<br>□ 861 HIA ((1395ff)<br>□ 862 Black Lung (923)<br>□ 863 DIWC/DIWW (405(g)<br>□ 864 SSID Title XVI<br>□ 865 RSI (405(g)<br><br>**Other Statutes**<br>□ 891 Agricultural Acts<br>□ 892 Economic Stabilization Act<br>□ 893 Environmental Matters<br>□ 894 Energy Allocation Act<br>□ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

### □ E. *General Civil (Other)* OR □ F. *Pro Se General Civil*

| **Real Property**<br>□ 210 Land Condemnation<br>□ 220 Foreclosure<br>□ 230 Rent, Lease & Ejectment<br>□ 240 Torts to Land<br>□ 245 Tort Product Liability<br>□ 290 All Other Real Property<br><br>**Personal Property**<br>□ 370 Other Fraud<br>□ 371 Truth in Lending<br>□ 380 Other Personal Property Damage<br>□ 385 Property Damage Product Liability | **Bankruptcy**<br>□ 422 Appeal 28 USC 158<br>□ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>□ 535 Death Penalty<br>□ 540 Mandamus & Other<br>□ 550 Civil Rights<br>□ 555 Prison Condition<br><br>**Property Rights**<br>□ 820 Copyrights<br>□ 830 Patent<br>□ 840 Trademark<br><br>**Federal Tax Suits**<br>□ 870 Taxes (US plaintiff or defendant<br>□ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>□ 610 Agriculture<br>□ 620 Other Food &Drug<br>□ 625 Drug Related Seizure of Property 21 USC 881<br>□ 630 Liquor Laws<br>□ 640 RR & Truck<br>□ 650 Airline Regs<br>□ 660 Occupational Safety/Health<br>□ 690 Other<br><br>**Other Statutes**<br>□ 400 State Reapportionment<br>□ 430 Banks & Banking<br>□ 450 Commerce/ICC Rates/etc.<br>□ 460 Deportation | □ 470 Racketeer Influenced & Corrupt Organizations<br>□ 480 Consumer Credit<br>□ 490 Cable/Satellite TV<br>□ 810 Selective Service<br>□ 850 Securities/Commodities/ Exchange<br>□ 875 Customer Challenge 12 USC 3410<br>□ 900 Appeal of fee determination under equal access to Justice<br>□ 950 Constitutionality of State Statutes<br>□ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ⊙ G. *Habeas Corpus/ 2255*<br><br>⊙ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 2254 - WRIT - OF - HABEAS - CORPUS -

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint<br>**JURY DEMAND:** ☐ YES    ⊙ NO |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | ☐ YES   ☐ NO | If yes, please complete related case form. |
|---|---|---|---|

DATE 11-19-07    SIGNATURE OF ATTORNEY OF RECORD    NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.