UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | )  |
|---|---|
| **RUCHELL CINQUE MAGEE,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 07-2176 (ESH) |
| | ) |
| **ORRIN HATCH, U.S. Senator,** *et al.*, | ) |
| | ) |
| Respondents. | ) |
| | ) |

**MEMORANDUM OPINION**

Petitioner, who is currently confined in a state prison in Corcoran, California, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in California state court. As petitioner is "in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts," his application for a writ of habeas corpus may be filed either "in the district court for the district wherein [he] is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d); *see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 497 (1973) ("[A] prisoner contesting a conviction and sentence of a state court of a State which contains two or more federal judicial districts, who is confined in a district within the State other than that in which the sentencing court is located, has the option of seeking habeas corpus either in the district where he is confined or the district where the sentencing court is located."). Thus, the proper forum for habeas review is either the Eastern District of California, where petitioner is in custody, or the district where he was convicted and

sentenced.[1]  Because petitioner was not convicted and sentenced by this Court and is not currently confined in this District, there is no basis for him to maintain a habeas action here, and the case will therefore be dismissed without prejudice.  *See Anderson v. Gonzales*, No. 07-1319, 2007 WL 2319839, at *1 (D.D.C. Aug. 13, 2007) (dismissing habeas petition filed by a federal prisoner in Illinois seeking review of, *inter alia*, convictions entered by state courts in Dallas and Houston, Texas, and Clearwater, Florida, noting that petitioner's "federal recourse lies either in the Central District of Illinois or in the Northern District of Texas (Dallas), the Southern District of Texas (Houston) and the Middle District of Florida (Clearwater)").[2]

                                          /s/
                              ELLEN SEGAL HUVELLE
                              United States District Judge

Date: December 10, 2007

---

[1] Although petitioner states at the outset of his petition that the judgment of conviction under attack was entered in 1975 by a court in Santa Clara County in the Northern District of California (Pet. at 1), the body of the petition refers primarily to a 1965 conviction in Los Angeles County, which is located in the Central District of California.  (*See id.* at 6/a, 6/d-6/g.)

[2] Because this Court is not the proper forum for petitioner's habeas corpus action, the Court declines to address his "Application for Clearance."